UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Vincent Lamont Brown, Jr., | ) | C/A No. 4:13-1291-GRA-TER |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Sheriff LC Knight;<br>Captain Terrance A. VanDoran, and<br>Officer Simmons, | ) | |
| Defendants. | ) | |

This is a civil action filed by a local prisoner proceeding *in forma pauperis*. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. By Order dated June 12, 2013, Plaintiff was given a specific time frame in which to bring this case into proper form. Plaintiff has complied with the court's Order, and this case is now in proper form.

**TO THE CLERK OF COURT**:

The Clerk of Court is directed to issue the summons, and to forward a copies of the Complaint and the Forms USM-285 to the Marshal for service upon Defendants Simmons and VanDoran only. The Clerk of Court is directed to attach a copy of this Order to each copy of the Complaint to be served upon the Defendants. The Clerk of Court shall calculate the 120-day period for service of process under Rule 4(m) from the date on which the summons is issued. *Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010) (tolling during initial review). *A copy of this Order must be provided to the United States Marshal*.

The Clerk of Court is directed not to authorize the issuance and service of process against Defendant Sheriff L.C. Knight unless the Clerk of Court is instructed to do so by a United States District Judge or a Senior United States District Judge.

**TO THE UNITED STATES MARSHAL**:

The United States Marshal shall serve the Complaint on Defendants Simmons and VanDoran. The United States Marshals Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. *See Greene v.*

*Holloway*, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995)).  The time limit to accomplish service is governed by Rule 4(m) of the Federal Rules of Civil Procedure.  The 120-day limit established by Rule 4(m) will not run during the initial review of this case; therefore, the 120 days begins on the date on which the summons is issued.

If the information provided by Plaintiff on the Forms USM-285 is not sufficient for the Marshal to effect service of process, after reasonable investigative efforts have been made to locate a properly identified Defendant, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.

**TO DEFENDANTS**:

Defendants are directed to file an answer to the Complaint or otherwise plead.

**TO PLAINTIFF**:

Plaintiff **must** provide, and is responsible for, information sufficient to identify Defendants on the Forms USM-285. The United States Marshal cannot serve an inadequately identified defendant, and un-served defendants may be dismissed as parties to this case.

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties.  Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney.  Service on attorneys who have made an appearance in this court is effected by the court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to Defendants' attorney making an appearance in this court, Plaintiff must serve Defendants with any documents Plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served.

**IT IS SO ORDERED.**

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 9, 2013
Florence, South Carolina