UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vincent Lamont Brown, Jr., | ) C/A No. 4:13-1291-GRA-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | )      (partial summary dismissal) |
| Sheriff LC Knight; | ) |
| Captain Terrance A. VanDoran, and | ) |
| Officer Simmons, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a local detention center detainee. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Vincent Lamont Brown, Jr. ("Plaintiff") is a detainee at the Dorchester County Detention Center ("DCDC"). He seeks compensatory damages and injunctive relief from three officials or employees of DCDC for an alleged incident of unnecessary force that was allegedly used against him on September 24, 2012. According to Plaintiff's allegations, Defendant Simmons was sent to get Plaintiff from his cell so he could meet with a different officer, but Plaintiff was sleeping when Simmons arrived. According to Plaintiff, he was sleeping on the floor because of a previous back injury, and, instead of calling for him to wake up, Officer Simmons allegedly "kicked" Plaintiff to

wake him up. Plaintiff asserts that this kick exacerbated his prior injury, but when he reported it to Defendant VanDoran, nothing was done to punish Simmons. Although Plaintiff alleges that an investigation was performed by the Dorchester Sheriff's Department, there are no allegations to the show that Defendant Knight, the Sheriff, was ever personally informed or made aware of the kicking incident.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to partial

summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) as to one Defendant.

**DISCUSSION**

Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrine of *respondeat superior* or vicarious liability which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984), that exception does not operate to save Plaintiff's Complaint from partial dismissal for frivolity as to Defendant Knight in this case. *See Randall v. Prince George's Cty, Md.*, 302 F.3d 188, 206-07 (4th Cir. 2002). Supervisory officials like Sheriff Knight may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates. *See Slakan*, 737 F.2d at 372. The Fourth Circuit has articulated a three-part test to establish supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), this Court concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or

isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id.* (quoting *Slakan*, 737 F.2d at 373).

The *Slaken* exception is not adequately pleaded in this case, even under a very liberal construction of Plaintiff's allegations, because, as previously noted, there are no allegations at all against Defendant Sheriff Knight, much less allegations that would be sufficient to state a viable supervisory liability claim against him. There is nothing in the Complaint to show that Defendant Knight personally violated Plaintiff's constitutional rights, or that he was aware, actually or constructively, of the alleged activities of Defendants Simmons and VanDoran. Furthermore, the one-time kick does not amount to "pervasive conduct" by the sub-ordinate. Because there are no allegations of any individual wrongdoing or potential supervisory liability for anyone else's wrongdoing on the part of Defendant Knight, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 (dismissal proper where there were no allegations against defendants).

## RECOMMENDATION

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case *without prejudice* as to Defendant Sheriff Knight. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine

4

whether they are subject to summary dismissal). The Complaint should be served on the other two Defendants.

Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge

July 9, 2013
Florence, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).