UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Vincent Lamont Brown, Jr., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Sheriff LC Knight; )<br>Captain Terrance A. VanDoran; and )<br>Officer Simmons, )<br>)<br>Defendants. )<br>_____ ) | C/A No.: 4:13-cv-01291-GRA-TER<br><br>**ORDER**<br>(Written Opinion) |

Plaintiff Vincent Lamont Brown, Jr. ("Plaintiff"), a detainee at the Dorchester County Detention Center ("DCDC") proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was referred to United States Magistrate Judge Thomas E. Rogers, III for all pretrial proceedings. This matter now comes before the Court for review of Magistrate Judge Rogers' Report and Recommendation. Magistrate Judge Rogers recommends that the Court partially dismiss the Complaint in this case without prejudice as to Defendant Sheriff LC Knight. After reviewing the record, the relevant law, and the Report and Recommendation, the Court agrees with and adopts the Report and Recommendation in its entirety.

**Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow

for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

Plaintiff seeks compensatory damages and injunctive relief from three officials or employees of DCDC for an alleged incident of unnecessary force that was used against him on September 24, 2012. Plaintiff alleges that Defendant Simmons was sent to get Plaintiff from his cell so he could meet with a different officer. When Simmons arrived, Plaintiff was sleeping on the floor. According to Plaintiff, he was sleeping on the floor because of a previous back injury, and instead of calling for him to wake up, Officer Simmons allegedly "kicked" Plaintiff to wake him up. Plaintiff asserts that this kick exacerbated his prior injury. He states that when he reported this incident to Defendant VanDoran, nothing was done to punish Simmons.

## Discussion

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff timely filed objections to the Report and Recommendation on July 15, 2013.[1] Specifically, Plaintiff objects to the Magistrate Judge's finding that the Complaint states no allegations about whether Defendant Sheriff LC Knight was aware, actually or constructively, of the alleged kicking incident. However, for the reasons stated below, Plaintiff's objection is overruled.

In a case under 42 U.S.C. § 1983, supervisory officials, such as Sheriff Knight, may only "be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted). To establish supervisory liability under § 1983, a plaintiff must prove:

(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

(2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and

(3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

---

[1] Prisoner motions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). There is no indication on the envelope when Plaintiff's objections were delivered to prison authorities, but the postmark reflects a date of July 15, 2013. Therefore, the Court will give Plaintiff the benefit of this earlier date.

*Id.* at 799 (citations omitted). Under the first prong of the test, in order for the conduct engaged in by the supervisor's subordinates to be "pervasive," the conduct must be "widespread, or at least [have] been used on several difference occasions." *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 206 (4th Cir. 2002). Moreover, to establish "deliberate indifference" under the second prong, a plaintiff "'[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id.* (alteration in original) (quoting *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984)).

Magistrate Judge Rogers found that Plaintiff had not adequately pleaded the three-part test for supervisory liability against Sheriff Knight. Report and Recommendation 4, ECF No. 21. The Magistrate Judge noted that there was "nothing in the Complaint to show that Defendant Knight personally violated Plaintiff's constitutional rights, or that he was aware, actually or constructively, of the alleged activities of Defendants Simmons and VanDoran." *Id.* He also found that the "one-time kick" did not amount to "pervasive conduct" by Sheriff Knight's subordinate. *Id.*

In his objections, Plaintiff takes issue with the finding that Sheriff Knight had no knowledge of the alleged incident. Plaintiff alleges that he informed Sheriff Knight of the incident via a "request form." ECF No. 28. He states that Defendant Captain VanDoran informed Plaintiff that he had taken the request form to Sheriff Knight and that Sheriff Knight had read the form and told Captain VanDoran to put a copy in Plaintiff's files. *Id.*

However, Plaintiff's argument is unavailing. Even if the Court accepts Plaintiff's contention that Sheriff Knight had actual or constructive knowledge of the incident, Plaintiff still fails to adequately state a claim against Sheriff Knight. As found by the Magistrate Judge, the alleged one-time kick by Defendant Simmons does not constitute "pervasive" conduct by Sheriff Knight's subordinate because there is no allegation that such conduct was widespread or used on several occasions. Moreover, Plaintiff cannot show that Sheriff Knight was "deliberately indifferent" under the second prong by only pointing to this isolated incident. As such, Plaintiff has failed to adequately state a claim against Sheriff Knight, and his objection is overruled.

## Conclusion

After a review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that the Complaint is PARTIALLY DISMISSED without prejudice as to Defendant Sheriff LC Knight. The Complaint is to be served on the remaining Defendants.

**IT IS SO ORDERED.**

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

July  22 , 2013
Anderson, South Carolina